1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SURINDER SINGH SAINI,

11          Plaintiff,                    No. CIV S-08-0149 FCD DAD PS

12      v.                               ORDER GRANTING REQUEST TO
                                         PROCEED IN FORMA PAUPERIS, DENYING
13   JOHN E. POTTER, Postmaster General, REQUEST FOR APPOINTMENT OF COUNSEL,
                                         DIRECTING CLERK TO SEND MATERIALS
14          Defendant.                   FOR SERVICE, AND REQUIRING SERVICE
                                         BY UNITED STATES MARSHAL
15   _____/

16          This proceeding was referred to the undersigned pursuant to Local Rule 72-

17   302(c)(21).  Plaintiff's pro se complaint alleges claims of employment discrimination.

18          Plaintiff has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915.

19   The undersigned finds that plaintiff's application makes the showing required by the statute.

20   Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

21          Plaintiff has also requested appointment of counsel.  Three factors are relevant to

22   the determination of whether counsel should be appointed to represent a plaintiff in an

23   employment discrimination case:  (1) the plaintiff's financial resources, (2) the efforts already

24   made by the plaintiff to secure counsel, and (3) whether plaintiff's claims have merit.  Bradshaw

25   v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981).  Appointment of counsel

26   is not a matter of right.  Ivey v. Board of Regents, 673 F.2d 266, 269 (9th Cir. 1982).

Here, plaintiff has made a showing of indigency, thereby satisfying the first factor. The second factor has not been satisfied because plaintiff's motion does not reveal any effort to secure counsel.  As to the third factor, while the court has not prejudged the case, plaintiff has not shown that his claims have merit such that counsel should be appointed.  For these reasons, plaintiff's motion for appointment of counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's January 22, 2008 application to proceed in forma pauperis is granted.

2.  Plaintiff's January 22, 2008 request for appointment of counsel is denied.

3.  The Clerk of the Court is directed to issue process and to send plaintiff (1) an instruction sheet for service of process by the United States Marshal, (2) a USM-285 form and a summons, and (3) one endorsed copy of plaintiff's complaint filed January 22, 2008.

4.  Plaintiff shall follow the instructions provided by the Clerk of the Court and shall submit the properly completed materials for service, along with a copy of this order, to the United States Marshal within thirty (30) days after this order is served.

5.  Within ten (10) days after plaintiff submits the materials for service and a copy of this order to the United States Marshal, plaintiff shall file a statement with the court advising the court of the date on which he submitted the documents to the United States Marshal.

6.  Within thirty (30) days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendant John E. Potter, sued in his official capacity as Postmaster General.

DATED: January 24, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\saini0149.ifp.serve

2